Case 4:24-cv-00830   Document 65   Filed on 02/20/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 20, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIE PATTERSON et al., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-830 |
| § | |
| HUNT PERFECTION LLC, et al., § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

Pending before this Court is Defendant Anderson Trucking Service, Inc.'s ("ATS") Motion to Dismiss under Rule 12(b)(6). (Doc. No. 56). Plaintiffs did not file a response in opposition. Having considered the motion and the relevant pleadings, the Court **GRANTS** the Motion, (Doc. No. 56), and **DISMISSES** Plaintiffs' negligent broker claims.

### I. Background

This case arises from a motor vehicle collision that occurred on May 10, 2021, in Harris County, Texas. (Doc. No. 1-2 at 7). While driving on I-45, Plaintiff Willie Patterson allegedly struck a wheel that had fallen off a flatbed semi-trailer being hauled by Co-Defendant O'Keefe. (*Id.* at 9). Defendant O'Keefe was the owner of the truck operating under the motor-carrier authority of Co-Defendant LSG. Plaintiffs allege that ATS brokered the transportation deal and arranged for the LSG entities to carry the freight to its destination. (*Id.* at 8–9).

Plaintiffs Willie Patterson filed suit in Illinois state court, bringing various claims against the defendants to recover for personal injury damages. Patterson's wife, Maya Patterson, also sued for loss of consortium allegedly caused by the direct and vicarious negligence of the ATS, O'Keefe, and LSG defendants. In addition, Plaintiffs filed their First Amended Complaint which

included additional defendants. (Doc. No. 1-2). Defendant Hunt Perfection then removed the cases to federal court. (Doc. No. 1-1). In the United States District Court for the Northern District of Illinois, Defendants filed a motion to transfer claiming, among other things, that the court lacked jurisdiction under Rule 12(b)(2). The United States District Court for the Northern District of Illinois granted the motion and transferred the case to this Court. (Doc. No. 40).

Before this Court, ATS filed a Rule 12(b)(6) motion to dismiss Plaintiffs' Negligent Broker Claims as preempted by federal law. (Doc. No. 56). In ATS's motion, it argues that the Federal Aviation Authorization Administration Act preempts Plaintiffs' common-law negligent broker claims. (Doc. No. 56 at 1); 49 U.S.C. § 14501(c)(1). Plaintiffs filed no response opposing the motion to dismiss these claims.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 609 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

The Court finds that Plaintiffs' state negligence claims against ATS are preempted by the FAAAA because it prevents states from "enforce[ing] a law, regulation, or other provision . . . related to a price, route, or service of . . . a broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). Since the FAAAA explicitly preempts any such attempts, and because common-law negligence claims fall under this provision, Plaintiffs' claims against the ATS Defendants are therefore **DISMISSED**.

The FAAAA was introduced to reduce inconsistency and disparity in the way states regulated interstate freight handling. The FAAAA's preemption clause provides that a state:

> may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1). ATS argues that the preemption clause should be broadly construed to bar Plaintiffs' negligent brokering claims because these common-law claims are "related" to the "service" of brokering "the transportation of property." Additionally, ATS argues that § 14501(c)(2)(A)'s "safety exception" does not save a negligent brokering claim from preemption. The safety exception states that the preemption provision "does not restrict the safety regulatory

3

authority of a State with respect to motor vehicles." § 14501(c)(2)(A). ATS argues that, while this exception does provide certain limits to the preemption provision, the safety exception does not apply to brokerage claims because they do not concern the use of motor vehicles in the way that the statute contemplates.

*A. Does the FAAAA's Preemption Provision Apply to the ATS Defendants?*

To start, the Court must determine whether this claim falls within the scope of § 14501. Some courts have found that § 14501's express preemption language does not apply to state tort claims because negligent hiring or brokering claims are not sufficiently "related to" the "price, route, or service" of a broker. *E.g., Meek v. Toor*, 2024 WL 943931, at *2 (E.D. Tex. Mar. 5, 2024) ("The Court is not convinced by the rationale that hiring and oversight of transportation companies is so central to the services of freight brokers that negligent hiring claims would significantly impact the services of a freight broker."); *Scott v. Milosevic*, 372 F. Supp. 3d 758, 769 (N.D. Iowa 2019) (holding that "the FAAAA does not preempt personal injury claims" against a broker); *Mann v. C.H. Robinson Worldwide, Inc.*, 2017 WL 3191516, at *7 (W.D. Va. July 27, 2017) (explaining that "a negligent hiring claim as an avenue for imposing liability for an accident does not have anything more than a 'tenuous, remote, or peripheral' connection to the 'price, route, or service' of a broker").

Other courts have found that, although § 14501's express preemption language does apply to state tort claims, such claims are saved from preemption by the safety regulatory exception. *E.g., Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020); *Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 512–16 (N.D. Tex. 2020) ("The Court thus finds Plaintiffs' negligent-hiring claim falls within the scope of the safety regulation exception."); *Johnson v. Herbert*, 2023 WL 9503459, at *6–7 (E.D. Tex. Oct. 20, 2023) ("[T]he Court holds that the

exception under Section 14501(c)(2)(A) applies to Johnson's negligent hiring claim and thus that the FAAAA does not preempt her cause of action.").

A third contingent of courts, however, have determined that § 14501's express preemption applies to state tort claims and that the safety exception does not save them from preemption. *Ye v. GlobalTranz Enters., Inc.*, 74 F.4th 453, 464 (7th Cir. 2023) ("We thus conclude that Ye's negligent hiring claim against GlobalTranz does not fall within the scope of § 14501(c)(2)'s safety exception. The claim is preempted and therefore properly dismissed by the district court."); *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1272 (11th Cir. 2023) ("Aspen's negligence claims are not 'with respect to motor vehicles' under the FAAAA's safety exception. They are thus barred by its express preemption provision."); *Hamby v. Wilson*, 6:23-cv-249-JDK, 2024 WL 2303850 at *4 (E.D. Tex. May 21, 2024) (holding that these cases were "most persuasive because they most clearly honor the statutory text"). The Court agrees with this third group of cases.

To start, the Court finds that a Texas common-law negligence claim is a "law, regulation, or other provision having the force of law." This much is obvious. Since "a common-law rule clearly has the force and effect of law," these rules "fall comfortably within the language" of preemption provisions like the FAAAA's. *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 281–82 (2014); *Hamby*, 2024 WL 2303850 at *4.

Next, the Court must address the question of whether a broker was negligent is plainly "related to a price, route, or service" of a broker. "The key phrase 'related to' expresses a 'broad pre-emptive purpose.'" *Northwest*, 572 U.S. at 280 (considering preemption under the Airline Deregulation Act); *see also Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013) (interpreting the FAAAA's preemption clause). Here, Plaintiffs' allegations supporting their negligent brokering claim go directly to the services of a broker. A broker's service is "selling,

5

providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2) (defining "broker"). In other words, selecting a motor carrier to transport a load is the essential service of the broker.

Here, Plaintiffs allege that ATS is a freight broker, and that ATS "arranged for the LSG/Hunt entities to haul the load." (Doc. No. 1-2 at 8). The basis of Plaintiffs' claims against the brokers are that they were negligent when they chose LSG for the freight hauling despite knowledge that "LSG had more out-of-service violations for vehicles and drivers over the road than the national average," among other things. (Doc. No. 1-2 at 40). These allegations directly relate to ATS's service as a broker. As such, the FAAAA preemption plainly applies.

*B. Does the Safety Exception Apply?*

Under § 14501(c)(2)(A), the FAAAA's preemption clause "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." To meet this exception, a common law negligence claim must be (1) within a state's "safety regulatory authority" and (2) "with respect to motor vehicles." Since the Court concludes that a negligent brokering claim is not "with respect to motor vehicles," it need not consider the first half of the exception. *See Aspen Am. Ins.*, 65 F.4th at 1273 (Jordan, J., concurring).

"By limiting the safety exception to apply to state laws 'with respect to motor vehicles,' Congress narrowed the scope of the exception to those laws concerning a 'vehicle, machine, tractor, trailer, or semitrailer . . . used on a highway in transportation.'" 49 U.S.C. § 13102(16) (defining "motor vehicle"). *Ye*, 74 F.4th at 460. This narrow exception requires a direct link between the state law in question and motor vehicle safety. *Id.*; *Aspen Am. Ins.*, 65 F.4th at 1271. Here, as pleaded, there is no direct link between Plaintiffs' negligent brokering claim and motor vehicle safety.

In its thorough analysis of the statute, the *Ye* court found a clear delineation between brokers and motor vehicle safety. *Id.* at 460–64. For example, after implementing the broad preemptive provision of § 14501(c)(1), Congress carved out specific exceptions for state laws for motor vehicle safety, cargo loads, motor carrier insurance, transportation of household goods, and two truck operations. *Id.* at 461 (citing § 14501(c)(2)). Despite specifically mentioning brokers in § 14501(c)(1), Congress conspicuously failed to mention brokers in any of the preemption exceptions. The Seventh Circuit in *Ye* also points out that while § 14501(b)(1) preempts state laws "relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker," Congress omitted a safety exception for brokers in § 14501(b) paralleling that of § 14501(c)(2). *Id.*; *see also Aspen Am. Ins.*, 65 F.4th at 1271–72 (similarly holding that the safety exception applies only to state laws that have a direct relationship to motor vehicles based on the Supreme Court's finding that a similar phrase in § 14501(c)(1) "massively limits" the scope of preemption and because allowing an indirect relationship would render portions of § 14501(c)(2)(A) non-operative or redundant).

The Court thus concludes that the safety exception excepts from preemption only state laws or regulations that have a direct relationship to motor vehicle safety. Further, the negligent hiring or brokering claims that Plaintiffs allege against ATS are not the sort that deal with motor vehicle safety; these claims concern the care given to hiring competent motor carriers. The "attenuated connection" between the broker and the safety of the motor vehicles operated by the motor carrier "is simply too remote for the safety exception" to apply to a negligent brokering claim. *Hamby* v. Wilson, 2024 WL 2303850, at *5 (citing *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020) (Fernandez, J., concurring in part and dissenting in part)). As such, the Court finds

that the FAAAA's preemption provision applies, and the safety exception does not. Consequently, Plaintiffs' negligent broker claims are preempted by federal law and must be dismissed.

## IV. Conclusion

Based on the foregoing analysis, the Court finds that Plaintiffs Willie and Maya Patterson have failed to state a negligent brokerage claim on which relief can be granted, and the Court therefore **GRANTS** Defendant's Motion to Dismiss. (Doc. No. 56). Plaintiffs' claims against the ATS Defendants are hereby **DISMISSED** with prejudice.

Signed this 20th day of February, 2025.

Andrew S. Hanen
United States District Judge