Case 4:24-cv-00830   Document 67   Filed on 08/15/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE PATTERSON et al., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-830 |
| | § | |
| HUNT PERFECTION LLC, et al., | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before this Court is Defendant Robert O'Keefe ("O'Keefe") and LSG Transportation, LLC ("LSG") (collectively "Defendants") Motion for Summary Judgment. (Doc. No. 66). Plaintiffs did not file a response in opposition. Having considered the motion and the relevant pleadings, the Court **GRANTS** Defendants Robert O'Keefe and the LSG Defendants Motion for Summary Judgment. (Doc. No. 66).

### I. Background

This case arises from a motor vehicle collision that occurred on May 10, 2021, in Harris County, Texas. (Doc. No. 66-1). While driving on I-45, Plaintiff Willie Patterson was allegedly injured when he struck a wheel that had fallen off a flatbed semi-trailer being hauled by Defendant O'Keefe. O'Keefe was a contract driver, operating a tractor-trailer for Defendant LSG and towing a trailer owned by LSG. (Doc. No. 66 at 2).

Plaintiff Willie Patterson filed suit in Illinois state court, bringing various claims against the defendants to recover for personal injury damages. His wife, Maya Patterson, also joined the suit, alleging loss of consortium caused by the direct and vicarious negligence of O'Keefe and LSG. Plaintiffs subsequently filed their First Amended Complaint which included additional

defendants. (Doc. No. 1-2). The case was properly removed to federal court and ultimately transferred to this Court.

Now before the Court is Defendants' motion for summary judgment. Willie Patterson asserts claims against O'Keefe for negligence, and LSG for negligence and vicarious liability for O'Keefe's negligence. (Doc. No. 1-2). As noted above, Maya Patterson brings claims against Defendants for loss of consortium. (*Id.*). Defendants argue that Plaintiffs have no evidence to support any negligent act or omission by Defendants. (Doc. No. 66 at 1). Since Plaintiffs have no evidence to support their theory, Defendants seek summary judgment on Plaintiffs' claims against them. (*Id.*). While only O'Keefe and LSG filed the motion, they argue that the same claims were made against Defendants John Hunt, III and Hunt Perfection, so the Court's ruling on this motion would apply equally to the claims against them. (*Id.* at 2). Plaintiffs filed no response opposing the motion for summary judgment on these claims.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

#### A. Negligent Act or Omission

Plaintiff Willie Patterson has alleged a negligence claim against O'Keefe, the driver of the tractor-trailer, and LSG, the owner of the tractor-trailer. The elements of a negligence cause of action are (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by that breach. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).[1] Defendants argues that Plaintiff has no evidence to support his claim, and Plaintiff did not respond to provide such evidence. While "[a] motion for summary judgment cannot be granted simply because there is no opposition, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435 (5th Cir. 2014); *see also Nieto v. State Farm*, 722 F.

---

[1] Though Defendants do not raise this issue, as the transferee court under 28 U.S.C. § 1404, this Court is required to apply Illinois choice-of-law rules. The Supreme Court of Illinois recently held that in personal injury actions, there is a presumption that the place of injury controls unless another state has a more significant relationship with the occurrence and the parties with respect to the particular issue. *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 175 (2007). This Court finds that the presumption that the place of injury (here, Texas) controls is not rebutted by another state's more significant relationship to this action. Thus, Texas law applies.

3

Supp. 3d 653, 657 (S.D. Tex. 2024). After reviewing the evidence provided by Defendants, the Court agrees and **GRANTS** the motion for summary judgment. (Doc. No. 66).

First, Defendants argues that Plaintiff has provided no evidence of any negligent act or omission by O'Keefe. (Doc. No. 66 at 5). O'Keefe made regular inspections of the tires, was certified and licensed to drive that sort of vehicle, and he noted no abnormalities or defects prior to the incident. (*Id.*). Further, an officer of the Mississippi Highway Patrol independently inspected the truck and trailer just days before the incident and also noted no abnormalities or defects. (Doc. No. 66-7 at 2). O'Keefe stated that he personally inspected each tire on the trailer twice a day, and he performed his regular pre-trip inspection before the incident in question. (*Id.* at 1). Likewise, Plaintiff provides no evidence to show any act or omission taken by any other LSG employee. O'Keefe's uncontroverted testimony on the condition of the tires prior to the incident establishes that Defendants were not negligent in maintaining the appropriate level of care.

Further, Plaintiff has provided no evidence of *how* the tire, or any other vehicle part, failed in order to proximately cause the incident. In instances like this, determining the cause of the product failure will often require the use of specialized equipment and techniques unfamiliar to the ordinary person, and requiring expert testimony. *See, e.g.*, *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 317 (5th Cir. 2022) (noting that the Texas courts of appeals have uniformly held that claims premised on alleged mechanical defects must be supported by expert testimony). Plaintiff's speculation about what parts of the vehicle may have been defective is precisely the sort of "scientific, technical, or other specialized knowledge [that]" requires expert testimony to "assist the trier of fact to understand the evidence or to determine a fact in issue." *See* FED. R. EVID. 702. Plaintiffs have not provided evidence to raise a fact issue on any act or omission by either O'Keefe or LSG, or the proximate cause of the incident itself.

### B. Negligent Hiring/Supervision/Training/Entrustment

Defendants next argue that Plaintiff Willie Patterson's negligent hiring/supervision/training/entrustment claims against LSG are unsupported by any evidence. Each claim requires separate negligent acts by two parties. In a negligent-entrustment claim, Plaintiff must raise a genuine material fact of "the owner's negligence in entrusting property to another, and the entrustee's negligence in using that property." *Endeavor Energy Res., L.P. v. Cuevas*, 593 S.W.3d 307, 311 (Tex. 2019). "The plaintiff must prove not only that the entrustee's negligence proximately caused the harm, but also that the risk that caused the entrustment or hiring to be negligent also proximately caused the plaintiff's injuries." *Id.* (citations and quotations omitted). Similarly, a negligent hiring/supervision/training claim requires the employer's negligence in hiring the employee and the employee's subsequent negligent act or omission, both of which must proximately cause the injury. *Walgreens v. McKenzie*, 713 S.W.3d 394, 402 (Tex. 2025) (citing *Endeavor Energy*, 593 S.W.3d at 311).

As discussed above, Plaintiff has not provided evidence to raise a fact issue on any alleged negligent act or omission by either O'Keefe or LSG. Most importantly, each cause of action requires Plaintiff to show that the alleged negligence proximately caused the injury. Plaintiff has not provided evidence to raise a fact issue as to whether the alleged negligence of either party proximately caused his injuries. Consequently, Plaintiff has failed to meet his burden as to the negligent hiring/supervision/training/entrustment claims against LSG. The Court **GRANTS** the motion for summary judgment as to these claims.

### C. Loss of Consortium

Finally, Plaintiff Maya Patterson asserts a cause of action for loss of consortium against LSG and O'Keefe "due to Willie Patterson's physical condition and disabilities caused by the

negligent acts and/or omissions" of the Defendants. (Doc. No. 1-2). Claims for loss of consortium are derivative. *Motor Exp., Inc. v. Rodriguez*, 925 S.W.2d 638, 640 (Tex. 1996). As the Court has previously granted summary judgment on Willie Patterson's negligence claims against Defendants, Maya Patterson's loss of consortium claim must also fail. The Court, therefore, **GRANTS** the motion for summary judgment as to Plaintiff Maya Patterson's loss of consortium claims against LSG and O'Keefe.

## IV. Conclusion

Based on the foregoing analysis, the Court finds that Plaintiffs have failed to raise a fact issue as to their claims against LSG and O'Keefe. As such, the Court **GRANTS** Defendants' Motion for Summary Judgment. (Doc. No. 66). Plaintiffs' claims against the LSG and O'Keefe are hereby **DISMISSED** with prejudice. Plaintiffs' claims against defendants John Hunt, III and Hunt Perfection remain because those defendants did not join in the motion.

Signed this 15 day of August, 2025.

Andrew S. Hanen
United States District Judge